Filed: 4/28/2022 4:13 PM
Lynne Finley
District Clerk
Collin County, Texas
By Jaclyn Grayson Deputy
Envelope ID: 64015904

CAUSE NO. 471-02104-2022

| | | |
|---|---|---|
| ROBERT GRIFFEN | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| v. | § | COLLIN COUNTY, TEXAS |
| FIESTA MART, L.L.C., | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY

Plaintiff Robert Griffen complains of Defendant Fiesta Mart, LLC, and would respectfully show that:

### Discovery Level

1. Plaintiff intends to conduct discovery in this matter under level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction & Venue

2. This case arises under the common law of Texas. This Court has jurisdiction over this controversy and venue is proper because all or a substantial portion of the events or omissions giving rise to this claim occurred in Collin County, Texas.

### Statement Regarding Monetary Relief Sought

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

### Parties

4. Plaintiff is a resident citizen of Collin County, Texas.

1

5.      Defendant Fiesta Mart, LLC, (hereinafter "Defendant"), is a Texas corporation engaged in business in Collin County, Texas. Defendant may be served with process through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## Background

6.      This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about April 8, 2022. At that time, Plaintiff was shopping at Defendant's store located at 1200 E Parker Road, Plano, Texas 75074. Plaintiff was walking down the seafood aisle when he slipped and fell on a puddle of water. The fall on the ground caused Plaintiff to sustain injuries to his back, left hip, left leg, and other parts of his body. There were no warning signs present or any other signs of caution near the area where the incident occurred. Plaintiff was not aware of the dangerous and defective condition.

7.      At the time of the incident in question, Plaintiff was an invitee to the Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

8.      Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make the defective condition existing on Defendant's premises safe.

9. Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

    (a). Failure to maintain the premises, including the floor, in a reasonably safe condition;

    (b). Failure to inspect the premises where the dangerous condition existed;

    (c). Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

    (d). Failure to inform Plaintiff of the dangerous condition existing on the premises; and

    (e). Other acts deemed negligent.

10. Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

11. Defendant was also negligent in that it failed to act as a reasonably prudent premise owner would act in the same or similar situation.

## Damages

12. As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

13. By virtue of the actions and conduct of Defendant as set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

    a. Past and future medical expenses;

    b. Past and future pain, suffering and mental anguish;

    c. Past and future physical impairment;

    d. Past and future physical disfigurement; and

    e. Past lost wages and future loss of earning capacity.

14. By reason of the above, Plaintiff is entitled to recover damages from Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

### Duty to Disclose

15. Pursuant to 194, Tex. R. Civ. P. exempted by Rule 194.2(d), Defendant must, without awaiting a discovery request, provide to Plaintiff the information or material described in Rule 194.2, Rule 194.3, and Rule 194.4.

### Initial Disclosures

16. Pursuant to Rule 194, Tex. R. Civ. P., Defendant must, without awaiting a discovery request, provide information or materials described in Texas Rule of Civil Procedure 194.2 in Defendant's initial disclosure at or within 30 days after the filing of the first answer. Copies of documents and other tangible things must be served with Defendant's response.

### Rule 193.7 Notice

17. Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

### Prayer

18. Plaintiff prays that this citation issues and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appears and answers, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre and post-judgment interest, all costs of Court, and all such other and further relief, to which he may be justly entitled.

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Jennifer Reali*
**Jennifer Reali**
Texas State Bar No. 24122849
1200 Summit Avenue, Suite 504
Fort Worth, Texas 76102
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEYS FOR PLAINTIFF**